**KOLLER LAW LLC**
David M. Koller, Esquire (037082002)
Jordan D. Santo, Esquire (152892015)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SAEEDA BASKERVILLE,** | : | |
| **P.O. Box 39572** | : | |
| **Philadelphia, PA 19136** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | **Complaint and Jury Demand** |
| **v.** | : | |
| | : | |
| **VIRTUA HEALTH SYSTEM d/b/a** | : | |
| **VIRTUA OUR LADY OF LOURDES** | : | |
| **HOSPITAL, INC.,** | : | |
| **1600 Haddon Avenue** | : | |
| **Camden, NJ 08103** | : | |
| | : | |
| **303 Lippincott Drive** | : | |
| **Marlton, NJ 08053** | : | |
| **Defendant.** | : | |
| | : | |

## <u>COMPLAINT</u>

Plaintiff, Saeeda Baskerville, through her counsel, Koller Law LLC, brings this civil

matter against Defendant, Virtua Health System d/b/a Virtua Our Lady of Lourdes Hospital, Inc.

for violations of the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support

thereof, Plaintiff avers as follows:

## IDENTIFICATION OF THE PARTIES

1.  Plaintiff is Saeeda Baskerville (hereinafter "Plaintiff"), an adult individual who is domiciled in the Commonwealth of Pennsylvania with a mailing address at P.O. Box 39572, Philadelphia, PA 19136.

2.  Defendant, Virtua Health System d/b/a Virtua Our Lady of Lourdes Hospital, Inc. (hereinafter "Defendant") is a non-profit healthcare organization with a location at 1600 Haddon Avenue, Camden, NJ 08103 and corporate headquarters located at 303 Lippincott Drive, Marlton, NJ 08053.

3.  Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

4.  At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

## JURISDICTION AND VENUE

5.  The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6.  The FMLA is a federal law and so this court maintains federal question jurisdiction over this matter.

7.  The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8.  Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

9.  Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10. On July 10, 2023, Defendant hired Plaintiff in the position of Patient Care Technician.

11. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF SUFFERED FROM A SERIOUS ALLERGIC REACTION

12. On November 23, 2025, Plaintiff suffered from a severe allergic reaction to wax.

13. Plaintiff was examined multiple times at Jefferson Family Medical Center City and was prescribed multiple topical creams to treat her severe allergic reaction.

14. However, Plaintiff's allergic reaction did not dissipate.

## PLAINTIFF WAS PLACED ON A MEDICAL LEAVE OF ABSENCE DUE TO HER SEVERE ALLERGIC REACTION

15. Due to the severity of her allergic reaction, Plaintiff was required to begin a medical leave of absence on November 29, 2025.

16. On December 1, 2025, Plaintiff was examined by Dr. Krys E. Foster, Family Medicine Physician, who placed Plaintiff on a medical leave of absence until December 9, 2025.

17. Dr. Foster wrote Plaintiff a note excusing her from work due to her severe allergic reaction from November 29, 2025 through December 8, 2025.

## PLAINTIFF APPLIED FOR FMLA LEAVE TO COVER HER MEDICAL LEAVE OF ABSENCE

18. That same day, Plaintiff applied for Family and Medical Leave Act ("FMLA") leave through AbSolve, Defendant's third-party leave administrator, to cover her medical leave of absence.

19. Plaintiff's severe allergic reaction was considered a serious health condition under the FMLA.

20. Additionally, on December 1, 2025, Plaintiff emailed Dr. Foster's note to Kristen Logan, FMLA Specialist, and Rachel Siegrist, FMLA Adjustor.

## PLAINTIFF REAFFIRMED THE DATES OF HER FMLA LEAVE AND HER RETURN TO WORK DATE

21. On December 4, 2025, Jess Major, Leave of Absence Coordinator, emailed Plaintiff that Defendant had not received her medical clearance to return back to work on December 9, 2025.

22. That same day, Plaintiff responded to Major's email and cc'd Correinne Newman, Nurse Director, and Siegrist that Dr. Foster cleared her to return back to work on December 9, 2025.

23. Plaintiff attached a copy of Dr. Foster's note and reiterated that her leave of absence was from November 29, 2025 to December 8, 2025.

## PLAINTIFF RETURNED TO WORK FROM HER FMLA LEAVE

24. On December 9, 2025, Plaintiff returned to work at Defendant.

## PLAINTIFF'S FMLA LEAVE AND RETURN TO WORK DATE WERE APPROVED

25. On December 16, 2025, Siegrist emailed Plaintiff her FMLA leave approval letter which stated that Plaintiff's FMLA leave had been approved from November 29, 2025 to December 8, 2025, and that she was medically cleared to return to work on December 9, 2025.

4

## DEFENDANT APPROVED PLAINTIFF'S CALL OUT

26. On January 6, 2026, Plaintiff asked Jenna Last Name Unknown ("LNU") via text message if she could take Plaintiff off the schedule due to feeling ill.

27. Jenna initially informed Plaintiff that she had to remain on the schedule.

28. However, approximately two (2) hours later, Jenna sent Plaintiff a text message that she had spoken to Newman and Gijo Matthew, Nurse Director, and they stated that Plaintiff could call out if she was not feeling well, but that she would not be paid for it as she had exhausted her paid-time off ("PTO").

29. Plaintiff informed Jenna that she would be calling out for her shift on January 6, 2026.

## DEFENDANT TERMINATED PLAINTIFF

30. On January 9, 2026, Newman called Plaintiff and terminated her for excessive absenteeism due to her call out on January 6, 2026, despite having previously approved Plaintiff's call out.

31. However, the six (6) dates Newman cited as the reason for Plaintiff's termination also included November 29 and 30, 2025, which were protected by Plaintiff's approved FMLA leave.

32. Defendant interfered with Plaintiff's rights under the FMLA and retaliated against her for utilizing her rights under the FMLA in violation of the FMLA.

## COUNT I – INTERFERENCE
## FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

33. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

34. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

35. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for her own serious health condition.

5

36. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

37. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

38. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

39. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

40. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

41. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT II – RETALIATION
## FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

42. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

43. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

44. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical conditions.

45. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

46. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

47. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

48. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

49. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

50. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

51. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to

7

which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

52. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Saeeda Baskerville, requests that the Court grant her the following relief against Defendant, Virtua Health System d/b/a Virtua Our Lady of Lourdes Hospital, Inc.:

    a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

    b) Compensatory damages;

    c) Punitive damages;

    d) Liquidated damages;

    e) Emotional pain and suffering;

    f) Reasonable attorneys' fees;

    g) Recoverable costs;

    h) Pre and post judgment interest;

    i) An allowance to compensate for negative tax consequences;

8

j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

k) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: March 19, 2026

_____
David M. Koller, Esquire (037082002)
Jordan D. Santo, Esquire (152892015)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*